IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CALVIN D. MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:12-cv-62-MEF-TFM |
| v. ) | (WO—Do not publish) |
| ) | |
| ROBERT BENTLEY, Governor; ) | |
| MIKE HUBBARD, Alabama House ) | |
| Representative; KIM THOMAS, ) | |
| Commissioner; WILLIAM A. SHASHY, ) | |
| Circuit Judge; ) | |
| | |
| Defendants. | |

## Order

This cause comes before the Court on Calvin Moore's Complaint. (Doc. # 1.) Moore, a pro se prisoner housed in the Ventress Correctional Facility,[1] asks not only for damages but also a preliminary injunction and a temporary restraining order to alleviate prison overcrowding. The Court deals now only with the request for a temporary restraining order.

Moore claims that:

> Defendants Shashy, Hubbard and Thomas in an act of
> conspiracy to deprive Plaintiff of his 8th, 9th, 10th, and 14th
> Amendment Rights of the United States Constitution strive
> not to be a solution to this state prisons [sic] overcrowded

---

[1] Mr. Moore claims that he is confined at "Ventress Correctional Facility, Kilby Correctional Facility" in his complaint. Based on the return address listed on the envelope in which he mailed the document to the Clerk's Office, it appears that he is currently at the Ventress facility.

1

>unconstitution [sic] problems but Arbitrary and Capriciously "POPCORN" under disguise of a concrete solution to fix the problem, but in reality exercise means to Racketeer with Plaintiff's life and others to disenfranchise Plaintiff create funds and compete with other states['] financial status.

(Doc. # 1 at 3.) And he asks the Court to grant "a preliminary restraining order on the undisputed claim of overcrowding in the Alabama Department of Corrections." (*Id.* at 4.) Because Moore brings suit as a pro se litigant, this Court must construe his complaint liberally. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). Thus, the portion of his action requesting a temporary restraining order will be treated under the *Federal Rules of Civil Procedure* as a Rule 65(b) motion for a temporary restraining order.

Rule 65 restricts a court's ability to grant a temporary restraining order. To overcome the rule's restrictions, a plaintiff must make clear from "specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant." Fed. R. Civ. P. 65(b). The Eleventh Circuit has held that this requires the plaintiff to show the following: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) that the threatened injury to the moving party outweighs whatever damages the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002).[2] A temporary restraining order is "an extraordinary and drastic remedy not to be

---

[2] Rule 65 also has a procedural component. But since Moore cannot meet the rule's substantive standards, the Court need not concern itself with addressing the procedural issues.

granted unless the movant clearly establishe[s] the burden of persuasion" as to each of these four elements. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotation marks omitted).

Moore's complaint fails to persuade the Court that he has a substantial likelihood of success on the merits. To bring a meritorious claim based on prison conditions, "an inmate must meet both an objective component, which requires that the conditions be 'sufficiently serious,' and a subjective component, which requires that officials acted with 'deliberate indifference to health or safety.'" *Bailey v. Hughes*, ___ F. Supp. 2d ___, No. 1:10-cv-689, 2011 WL 4542721, at *10 (M.D. Ala. Sept. 30, 2011) (Fuller, J.) (quoting *Fischer v. Ellegood*, 238 F. App'x 428, 433 (11th Cir. 2007)). "Only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Indeed, the Supreme Court has held that even a prison at double capacity does not violate the Constitution absent "deprivations of essential food, medical care, or sanitation." *Rhodes v. Chapman*, 452 U.S. 337, 347–48 (1981).

In *Bailey*, this Court held that an inmate failed to allege unconstitutional overcrowding by claiming only that he slept on a mattress near a toilet. 2011 WL 4542721, at *11. Moore does not even go this far. To the contrary, he makes a bare allegation of overcrowding and asserts that Alabama's political leaders have failed to address the problem. This generalized overcrowding allegation plainly falls short of a

"sufficiently serious" situation at Ventress to meet *Bailey*'s objective component: he makes no allegations related to a lack of essentials such as food, medical care, or sanitation. Nor does he hint at how many prisoners Ventress houses compared to how many it was designed to hold. Hence, he does not have a substantial likelihood of success on the merits. *See, e.g.*, *Hamm v. DeKalb County*, 774 F.2d 1567 (11th Cir. 1985) (finding that requiring detainee temporarily to sleep on mattress on floor or table because of jail overcrowding did not amount to constitutional violation); *Alfred v. Bryant*, 378 F. App'x 977, 980 (11th Cir. 2010) (holding that requiring inmate to sleep in cell with broken toilet and no mattress for eighteen days did not violate Eighth Amendment); *Fischer v. Ellegood*, 238 F. App'x 428, 433 (11th Cir. 2007) (finding prisoner's claim failed even though "[s]ome cells had as low as four inmates in them while other cells had as many as seven [and] inmates were not only forced to sleep on bare cement floors but also on other inmates' [unwashed] mattresses and linens").

Moore also did not allege that he will suffer specific and irreparable harm from the overcrowding unless an injunction issues. Moreover, it is impossible to determine what Moore's requested relief—"a preliminary restraining order on the undisputed claim of overcrowding"—would entail exactly, thus preventing this Court from ascertaining what burden an injunction would place on the Department of Corrections and whether issuing one would harm the public interest. Moore, consequently, fails to satisfy the elements necessary to succeed on a Rule 65 motion.

For these reasons, the motion for a temporary restraining order found in Moore's Complaint (Doc. # 1) is DENIED. It is further ORDERED that this case is REFERRED to the assigned Magistrate Judge for action or recommendation on all pretrial matters.

DONE this the 24th day of January, 2012.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE